IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00463-BNB

MARK L. LUTHER,

Applicant,

v.

WARDEN COZZETO, Fort Lyon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Mark L. Luther, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Luther has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Luther is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Luther will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that it is confusing and difficult to understand. First, it is not clear to the court what conviction or sentence Mr. Luther is challenging in this action. Section A of the court's habeas corpus application form requests certain information regarding the conviction under attack. Mr. Luther alleges in Section A of the habeas corpus application filed in this

action that he is challenging his conviction in Colorado Supreme Court case number 01SC877. However, that case number corresponds to a petition for writ of certiorari filed by the government in a postconviction proceeding initiated by Mr. Luther. *See People v. Luther*, 58 P.3d 1013 (Colo. 2002). Mr. Luther does refer to two Colorado state district court criminal case numbers in another section of the habeas corpus application, but it is not clear which of those convictions or sentences is being attacked in this action. Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Luther may challenge the validity of both convictions and sentences in one action only if both convictions resulted from judgments of the same state court. However, even assuming Mr. Luther can challenge both convictions and sentences in one action, he must clarify that he is doing so if that is his intent.

It also is not clear to the court whether Mr. Luther actually is challenging the validity of one or more convictions and sentences, or whether he instead is challenging the manner in which his sentences were calculated and executed by the DOC. This confusion stems from the fact that Mr. Luther fails to provide a clear and concise statement of the claims he is raising in this action. If Mr. Luther is challenging only the execution of his sentences by the DOC, his claims properly are asserted pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Finally, it is not clear to the court whether Mr. Luther's claims properly may be raised in this habeas corpus action because the only relief he seeks is an award of money damages. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Luther may not seek an award of damages in a habeas corpus action. If Mr. Luther wishes to pursue his claims for damages, he must file a separate civil action.

It is possible that Mr. Luther is seeking only damages in this action because he has completed the sentences he is challenging and no longer is in custody with respect to those sentences. The court notes that, if Mr. Luther is not in custody for the purposes of the convictions and sentences he intends to challenge in this action, the court lacks jurisdiction to consider the habeas corpus application and the instant action must be dismissed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

For all of these reasons, Mr. Luther will be ordered to file an amended application. Mr. Luther must clarify in the amended application what conviction and sentence or convictions and sentences he is challenging, the specific claims for relief he is asserting, and whether he is seeking any habeas corpus relief. Mr. Luther is reminded that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, he must go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Luther file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Luther, together with

a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Luther fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED March 12, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00463-BNB

Mark L. Luther
Prisoner No. 87160
Fort Lyon Correctional Facility
PO Box 1000 - Unit 8-2-246
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 3/12/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk